```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF KENTUCKY
               CENTRAL DIVISION AT LEXINGTON
```

DAVID C. HEDGES                    )
                                   )
    *Plaintiff*,                   )
                                   )         5:20-CV-509-JMH-HAI
v.                                 )
                                   )
DEPUTY BACK, *et al.*,             )
                                   )         **ORDER**
    *Defendants*.                  )

                        \* \* \*

This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge Hanly A. Ingram [DE 21], wherein he recommends that Defendants' unopposed motion for summary judgment [DE 20] be granted. Magistrate Judge Ingram thoroughly examined the record and found that Defendants were entitled to summary judgment for several reasons. First, as jail officials, Defendants are protected from suit by qualified immunity. Second, Defendants provided affidavits, reports, and medical notes to support their factual assertions that they did not treat Hedges with deliberate indifference, but allowed him frequent opportunities to use the restroom, eat, and drink. Hedges issued no response to Defendants' motion nor provided any contrary evidence, meaning there is no issue of material fact. Third, out of an abundance of caution, Magistrate Judge Ingram construed the complaint as alleging excessive force, and found Defendants entitled to summary judgment nonetheless because the severity of

the problem was significant as Hedges had threatened self-harm, which was affirmed by a mental health professional, and Defendants' actions were always reasonable in light of the circumstances. Having conducted a de novo review of the record, the Court finds that Magistrate Judge Ingram's report and recommendation is quite appropriate and adopts it in its entirety. 28 U.S.C. § 636.

It should be noted that while generally, a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the Magistrate Judge, when the petitioner fails to file any objections to the Report and Recommendation, as in the case *sub judice*, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Hedges' deadline to file objections has passed without any filings in the record. While it appears that Hedge's mail was returned as undeliverable [DE 22], Hedges is required to update the Court on any changes to his address and the Court even ordered the Clerk to resend a copy of the Report and Recommendation to Hedges. [DE 23]. While Hedges is proceeding pro se, he has previously updated the Court about address changes, indicating to the Court that he is aware of the expectation and familiar with the process. [DE 13]. Consequently, and in the absence of any

objections, this Court adopts the well-articulated and detailed reasoning set forth in the Report and Recommendation as its own.

Accordingly, **IT IS ORDERED** as follows:

(1) United States Magistrate Judge Hanly A. Ingram's Report and Recommendation [DE 21] is hereby **ADOPTED IN FULL** as the findings of fact and conclusions of law of the Court.

(2) Defendants' Motion for summary judgment [DE 20] is hereby **GRANTED**.

This the 18th day of February, 2022.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge